NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| O'BRIEN OIL POLLUTION SERVICE, INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-CV-02945 (DMC) |
| NISHIT KAPOOR, TELEDATA MARINE SYSTEMS, LLC, TELEDATA SYSTEMS AND SERVICES LLC, and ECM MARITIME SERVICES, LLC, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff O'Brien Oil Pollution Service, Inc.'s ("Plaintiff") motion for jury trial pursuant to Fed. R. Civ. P. 39(b). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for jury trial is **granted**.

**I.    BACKGROUND**

On June 20, 2006, Plaintiff filed a verified complaint and an application for a temporary restraining order and preliminary injunction against ECM Maritime Services, LLC ("ECM"), Teledata Systems and Services, LLC and Teledata Marine Systems, LLC (collectively "Teledata," and collectively with ECM, "Defendants"). Plaintiff requested injunctive relief in the form of enforcement of employment contracts, the return of information, enjoinment from unfair competition

and attracting Plaintiff's customers and prohibiting Nishit Kapoor from working for Teledata or ECM. On July 6, 2006, this Court ordered (1) that Defendants return any confidential information they received from Plaintiff; and (2) for the parties to otherwise abide by the terms of the employment agreement. The Defendants did not request a jury trial at that time. Following the hearing, the parties resumed discovery, which currently remains open.

## II.     STANDARD OF REVIEW

Courts consider five factors in addressing requests for a jury trial under Fed. R. Civ. P. 39(b):

> (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the Court or the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to make a timely jury demand.

SEC v. Infinity Group Co., 212 F.3d 180, 195-96 (3d Cir. 2000) (quoting Fort Wash. Res., Inc. v. Tannen, 852 F. Supp. 341, 342 (E.D. Pa. 1994)). In determining whether to grant a late jury demand, courts must recognize that "the right of jury trial is fundamental [and] courts [should] indulge every reasonable presumption against waiver." Collins v. Gov't of the Virgin Islands, 366 F.2d 279, 284 (3d Cir. 1966).

## III.    DISCUSSION

Plaintiff seeks money damages under either a tort or contract theory for all but one count contained in the Complaint. As this relief is generally legal in nature, the issues present are suitable for a jury. See Ross v. Bernhard, 396 U.S. 531, 533 (1970).

Granting the motion would not be disruptive to this Court or the Defendants. At this point,

discovery remains open, regardless of whether this is due to Plaintiff's refusal to produce a witness, as Defendants claim. The final pretrial conference and trial date have not yet been scheduled. Thus, this Court's schedule will not be disrupted by granting the motion.

A jury trial would not prejudice Defendants. The Court's decision in Infinity Group is easily distinguished from the current case because, while the court denied the motion for a jury trial pursuant to Fed. R. Civ. P. 39(b), the motion was made only two weeks prior to trial. See 212 F.3d 180, 196 (3d Cir. 2000). Here, no trial date has been scheduled. Additionally, Defendants offer little evidence that its preparation for trial would differ if the case is tried before a jury. Mere conclusory statements that a jury trial would result in prejudice are not reason enough to deny the motion. See P.C. Data Ctrs. v. Federal Express Corp., 113 F. Supp. 2d 709, 721 (M.D. Pa. 2000).

While this case is hardly "less than straightforward procedurally," as Plaintiff argues, the delay is not significant enough so that Plaintiff's motion should be denied. A delay of two years is somewhat substantial, but again considering that no trial date has yet been scheduled, the delay is not so egregious to merit a denial of the motion. In Plummer v. Gen. Elec. Co., it was also noted that the motion for jury trial pursuant to Fed. R. Civ. P. 39(b) was not untimely considering that the discovery deadline was extended and no trial date had been set. See 93 F.R.D. 311, 313 (E.D. Pa. 1981).

Plaintiff asserts that the reason for the delay is that initially, Plaintiff was interested in primarily obtaining equitable relief. This later morphed into a claim for mostly money damages in tort and contract. A delay of nearly two years does indicate that Plaintiff's failure to make a timely

3

jury demand under Fed. R. Civ. P. 38(b) or Fed. R. Civ. P. 81(c) may have been a result of neglect or inadvertence. Yet, taking into account the "presumption against waiver" of the right to trial by jury noted in Collins and weighing the factors as a whole, the delay should not prevent the motion from being granted.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion for jury trial pursuant to Fed. R. Civ. P. 39(b) is **granted**. An appropriate Order accompanies this Opinion.

  S/ Dennis M.Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:       June  26 , 2008  
Orig.:      Clerk  
cc:         All Counsel of Record  
            Hon. Mark Falk, U.S.M.J.  
            File