NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| O'BRIEN OIL POLLUTION SERVICE, INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-CV-2945 (DMC) |
| NISHIT KAPOOR, TELEDATA MARINE SYSTEMS LLC, TELEDATA SYSTEMS AND SERVICES LLC, and ECM MARINE SERVICES, LLC, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Teledata Marine Systems LLC, Teledata Systems and Services LLC, and ECM Marine Services, LLC (collectively, "Defendants") for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **granted** in part, and **denied** in part.

**I.     BACKGROUND**

This matter arises out of claims by Plaintiff O'Brien Oil Pollution Service, Inc. ("Plaintiff," or "OOPS") that Defendants engaged in a series of unlawful and anti-competitive business practices, including the misappropriation of OOPS's proprietary business information

and the theft of OOPS's customers and employees. Plaintiff filed a complaint in New Jersey Superior Court on June 19, 2006, and the action was removed to this Court on June 28, 2006. The Court considered Plaintiff's request for injunctive relief in a hearing on July 6, 2006, and entered an Order on August 2, 2006 partially granting and partially denying the request. On October 1, 2007, Defendant Nishit Kapoor ("Kapoor") was dismissed from the case. Currently before the Court is Defendants' summary judgment motion seeking dismissal of all remaining claims, including claims for: misappropriation of confidential and proprietary business information (Count I); unfair competition (Count II); conversion (Count III); tortious enticement of a breach of the duty of loyalty (Count IV); tortious interference with Sanjiv Beri's employment contract (Count V); tortious interference with Kapoor's employment contract (Count VI); corporate raiding (Count VII); conspiracy (Count VIII); breach of the duty of good faith and fair dealing (Count XI); unjust enrichment (Count XII); and Plaintiff's request for attorneys' fees.

## II.    STANDARD OF REVIEW

Pursuant to Rule 56, summary judgment shall be granted when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). Disputes over non-material facts may be resolved in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Where facts material to the outcome are at issue, however, the motion may not be disposed of by summary judgment. Id. at 248. The moving party bears the burden of showing that no genuine issues of fact exist. See Celotex, 477 U.S. at 330. The non-moving party "may not rest upon the mere

allegations or denials of his pleading," however, but must instead produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### III.   DISCUSSION

Before the Court is Defendants' motion for summary judgment on all remaining claims as well as on Plaintiff's request for attorneys' fees. Because the Court finds that genuine issues of material fact exist with respect to Plaintiff's claims for misappropriation (Count I), unfair competition (Count II), tortious enticement of a breach of the duty of loyalty (Count IV), tortious interference with Beri's employment contract (Count V), corporate raiding (Count VII), conspiracy (Count VIII), breach of the duty of good faith and fair dealing (Count XI), unjust enrichment (Count XII), and Plaintiff's request for attorneys' fees, Defendants' motion for summary judgment is denied as to those claims. With respect to Plaintiff's claims for conversion (Count III) and tortious interference with Kapoor's employment contract (Count VI), however, summary judgment is granted.

    A.   *Conversion Claim (Count III)*

Summary judgment is appropriate on Plaintiff's conversion claim. Conversion is the "wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." See Slim CD, Inc. v. Heartland Payment Sys., Inc., 2007 WL 2459349, *12 (D.N.J. Aug. 24, 2007). Importantly, however, the tort of conversion may be applied only to interference with tangible property, and courts have consistently held that intangible property cannot be the subject of such a claim. See id. Here, Plaintiff argues that

Defendants wrongfully retained and used OOPS's "confidential / proprietary business information" without consent. Because confidential and proprietary business information is not tangible property, however, Plaintiff's claim is not viable. See, e.g., K-Tronik N.A., Inc. v. Vossloh-Schwabe Matsushita, 2006 WL 1281291, at *3 (D.N.J. May 10, 2006) (finding that customer lists identifying customers, market information on customer purchases and sales prices, and customer service procedures are not tangible property for purposes of a conversion claim); see also Slim CD, 2007 WL 2459349, at *12 (finding that customer transaction data transmitted via computer is intangible property and not properly the subject of a conversion claim). Accordingly, because it appears that Plaintiff's conversion claim is based upon the alleged conversion of intangible property, and because, in any event, Plaintiff failed to respond to Defendants' motion with evidence to support a jury verdict in its favor, the Court finds that Plaintiff's conversion claim should be dismissed as a matter of law.

      B.     *Tortious Interference with Kapoor's Employment Contract Claim (Count VI)*

Summary judgment is also appropriate with respect to Plaintiff's claim that Defendants tortiously interfered with Kapoor's employment contract. Claims of tortious interference with a contract require a showing that the defendant acted with malice and without justification, and that the alleged interference actually caused the damage. See Dello Russo v. Nagel, 358 N.J. Super. 254, 268 (App. Div. 2003). Here, Defendants argue that Plaintiff's tortious interference claim relating to Kapoor's contract should be dismissed because: (1) Defendants lacked malice; and (2) Kapoor was likely to break his contract anyway. In support of their argument, Defendants presented evidence showing that they acted not with malice but with a lawful and

competitive intent, and that Kapoor would have left OOPS regardless of any alleged interference because he had "independent reasons and justifications for leaving his position." Plaintiff, however, did not respond to Defendants' argument, despite being required to do so by Rule 56.[1] See Fed. R. Civ. P. 56(e) (noting that, once a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings, and must instead set out specific facts showing a genuine issue for trial). Accordingly, because Defendants established that they are entitled to judgment as a matter of law, and because Plaintiff failed to rebut Defendants' showing in any manner, summary judgment on this claim is appropriate.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted** with respect to Counts III and VI, **denied** with respect to Counts I–II, IV–V, VII–VIII, and XI–XII, and **denied** with respect to Plaintiff's claim for attorneys' fees. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: July 27, 2009
Orig.: Clerk
cc: All Counsel of Record
    Hon. Mark Falk, U.S.M.J.
    File

---

[1] The Court recognizes that Plaintiff responded to Defendants' malice argument while discussing the tortious interference claim relating to Beri's employment contract in Count V. Nonetheless, Plaintiff failed to address the malice argument with respect to Kapoor's contract, and, in any event, said nothing about causation with respect to Kapoor.

5